PER CURIAM.
Terence McClain appeals from the judgment and sentence entered after a jury *1208 found him guilty of attempted first-degree murder with a firearm, attempted voluntary manslaughter with a firearm, and two counts of aggravated battery with a firearm. McClain raises several arguments on appeal, only two of which merit discussion. He contends the trial court erred in instructing the jury on the forcible-felony exception to the self-defense instruction, and in sentencing him to a minimum mandatory twenty-five-year sentence for attempted voluntary manslaughter. Finding error in the jury instruction, we reverse and remand for a new trial.
The events that led to the charges lodged against McClain occurred in a residential neighborhood in Apopka, Florida. McClain and the victim, Jesse Ingram, were involved in a shoot-out in which both were shot but survived.[1] The sequence of events was in dispute, and the evidence of who shot first was murky.
The trial court properly concluded McClain was entitled to a jury instruction on self-defense. Over the defense’s objection, the trial court included the instruction on the forcible-felony exception, which provides that a claim of self-defense is not available to a defendant who was committing a forcible felony at the time he used deadly force. Thus, the jury was instructed as follows:
An issue in this case is whether the Defendant acted in self-defense. It is a defense to the offense with which Terence McClain is charged if the injuries to Jesse Ingram or Marlon Coley resulted from the justifiable use of deadly force.
[[Image here]]
However, the use of deadly force is not justifiable if you find that Terence McClain was attempting to commit, committing, or escaping after the commission of attempted murder with a firearm, or aggravated battery with a firearm ....
Because McClain was not charged with a forcible felony other than the felonies for which he was claiming self-defense, we find the trial court erred in giving the instruction on the forcible-felony exception. See Martinez v. State, 981 So.2d 449, 454 (Fla.2008). The inclusion of the instruction essentially precluded the jury from finding that McClain acted in self-defense.
Sua sponte, we have considered whether the erroneous instruction constituted harmless error. While McClain advanced alternative theories of defense,[2] the self-defense theory was more consistent with the witnesses’ accounts of the evening’s events. Because the erroneous jury instruction vitiated McClain’s most plausible defense and essentially relieved the State of its burden of proving beyond a reasonable doubt that McClain did not act in self-defense, this error cannot be deemed harmless. Cf. Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002). Had the jury been given a proper self-defense instruction, there is a reasonable possibility that McClain would not have been convicted. Accordingly, we reverse and remand for a new trial on all four counts.
For the benefit of the parties on remand, we further note that the trial court erred in imposing the minimum mandatory sentence for McClain’s attempted voluntary manslaughter conviction pursuant to section 775.087(2), Florida Statutes (2010). See Brown v. State, 83 So.3d 777, 778 (Fla. *1209 5th DCA 2011) (noting attempted voluntary manslaughter is not an enumerated offense subjecting defendant to minimum mandatory sentence under section 775.087(2), Florida Statutes). However, based upon the reversal of McClain’s convictions, that error becomes moot.
REVERSED and REMANDED FOR A NEW TRIAL.
LAWSON, EVANDER and COHEN, JJ., concur.

. McClain's gunfire also wounded a bystander, Marlon Coley.

. In addition to asserting self-defense, McClain argued during closing argument that his brother had shot Ingram and Coley.