REVISED OPINION
VAN NORTWICK, J.
Robert Franklin Floyd challenges his convictions for second degree murder and *453 shooting into an occupied vehicle. Floyd raises six issues on appeal, but we need only address one. Because the trial court’s conflicting instructions to the jury amounted to fundamental error, we reverse and remand for a new trial.
On February 27, 2010, Floyd was hosting a party at his residence. During that party, a dispute arose among some of those in attendance. According to the State’s evidence, Floyd then shoved one of the individuals, who in turn displayed a pistol and who then retreated to his vehicle with a companion. Floyd meanwhile retrieved a rifle from his vehicle. The State further contended at trial that Floyd was the first to fire his weapon. Floyd, however, maintained that the other two individuals first opened fire from their vehicle and only then did he return fire. A bullet struck the passenger of the vehicle in his back, causing his death. At trial, Floyd claimed self-defense pursuant to the “stand your ground” law.
Before jury deliberations commenced, the jury was instructed in pertinent part:
An issue in this case is whether the defendant acted in self-defense. It fs a defense to all of the offenses with which Robert Franklin Floyd is charged if the death of Gretyron Lopez Benjamin resulted from the justifiable use of deadly force.
The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself or another while resisting:
1. Another’s attempt to murder him or another. Or.
2. Any attempt to commit aggravated battery or aggravated assault upon him or another.
“Deadly force” means force likely to cause death or great bodily harm.
A person is justified in using deadly force only if he reasonably believes that such force is necessary to prevent:
1. Imminent death or great bodily harm to himself or another. Or.
2. The imminent commission of aggravated battery or aggravated assault against himself or another.
Aggravated battery is defined as: ... Aggravated assault is defined as: ....
However, the use of deadly force is not justifiable if you find:
1. Robert Franklin Floyd initially provoked the use of force against himself, unless [:]
A. The force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm' and had exhausted every reasonable means to escape the danger other than using deadly force. Or.
B. In good faith the defendant withdrew from physical contact with another person and clearly indicated to that person that he wanted to withdraw and stop the use of deadly force. But that person continued or resumed the use of force.
In deciding whether a defendant was justified in the use of deadly force you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual, however, to justify the use of deadly force the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed the danger could only be avoided through the use of that force.
Based upon appearances the defendant must have actually believed that the danger was real.
*454 If the defendant was not engaged in any unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or another, or to prevent the commission of a forceable [sic] felony.
(Emphasis added).
On appeal, Floyd argues that one part of the instruction negated the other, such that while the jury was told that Floyd had no duty to retreat, the jury was also told that Floyd had to exhaust every reasonable means of escaping danger. The State maintains that, when read as a whole, the jury instructions are not so confusing as to constitute fundamental error. We disagree.
In determining whether the jury instructions constituted fundamental error, we must consider “the effect of the erroneous instruction in the context of the other instructions given, the evidence adduced in the case, and the arguments and trial strategies of counsel.” Smith v. State, 76 So.3d 379, 383 (Fla. 1st DCA 2011). As indicated above, the jury was instructed that if the use of deadly force is necessary to prevent imminent death or great bodily harm to oneself or others, then deadly force is justified without regard to any effort to retreat so long as the defendant is not engaged in unlawful activity. A defendant may not use deadly force if the defendant provoked another showing force; however, if the defendant provoked another, who then uses force so great as to put the defendant in fear of death or great bodily harm, then the defendant may use deadly force, but only if the defendant has first exhausted every means of escape. In effect, the jury instruction here provided that Floyd did not have to retreat before meeting deadly force with deadly force if in fear of death or great bodily harm and did have a duty to try to retreat before using deadly force if in fear of death or great bodily harm.
As noted, Floyd’s only defense at trial was that he had used deadly force to defend himself and others. The conflicting jury instructions negated each other in their effect, and therefore negated their possible application to Floyd’s only defense. As the court in Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985), explained:
[W]here, as here, a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant’s only defense, it is fundamental error and highly prejudicial to the defendant.
See also Richards v. State, 39 So.3d 431 (Fla. 2d DCA 2010) (holding that the erroneous use of an outdated jury instruction on the justifiable use of deadly force requiring the defendant to retreat if possible negated defendant’s claim of self-defense and rose to the level of fundamental error); Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006) (explaining that fundamental error exists when incorrect jury instructions negate defendant’s sole defense).
We therefore reverse Floyd’s convictions, vacate his sentences, and remand for a new trial on both counts. On remand, the trial court is reminded that discretionary costs must be orally pronounced at sentencing before such may be imposed in a written sentence. See Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012).
WOLF, AND CLARK, JJ., concur.