IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSHUA T. OLIVER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1281

_____/

Opinion filed January 29, 2015.

An appeal from the Circuit Court for Duval County.
Adrian G. Soud, Judge

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellees.

PER CURIAM.

Appellant was convicted of manslaughter and sentenced to 30 years in prison for a stabbing that occurred at a nightclub. He contends that the jury instructions on his sole defense – justifiable use of deadly force – were fundamentally erroneous for

the reasons stated in Floyd v. State, 2014 WL 4197377 (Fla. 1st DCA Aug. 26, 2014). We affirm because, at the charge conference, Appellant's counsel affirmatively requested and specifically agreed to the applicable parts of the justifiable use of deadly force instructions that were to be included, thereby waiving any claim of fundamental error in the instructions. See Armstrong v. State, 579 So. 2d 734, 735 (Fla. 1991) ("By affirmatively requesting the instruction he now challenges, [the defendant] has waived any claim of error in the instruction."); Joyner v. State, 41 So. 3d 306, 307 (Fla. 1st DCA 2010) ("[W]here defense counsel agrees to a standard jury instruction and then challenges the conviction based upon fundamental error in that instruction, reversal would have the unintended consequence of encouraging defense counsel to 'stand mute and, if necessary, agree to an erroneous instruction' or sacrifice his client's opportunity for a second trial.") (quoting Calloway v. State, 37 So. 3d 891 (Fla. 1st DCA 2010)); cf. Williams v. State, 145 So. 3d 997, 1003 (Fla. 1st DCA 2014) (explaining that waiver of a claim of fundamental error in a jury instruction requires more than "unknowing acquiescence" to the instruction); Moore v. State, 114 So. 3d 486, 493 (Fla. 1st DCA 2013) (holding that counsel's mere failure to object to an erroneous jury instruction is insufficient by itself to waive a claim of fundamental error based upon the instruction). We affirm the other issues raised by Appellant without discussion.

AFFIRMED.

PADOVANO, WETHERELL, and MAKAR, JJ., CONCUR.