PER CURIAM.
Terence McClain appeals from his convictions and sentences for attempted second-degree murder, attempted voluntary manslaughter, and two counts of aggravated battery. Regarding the attempted second-degree murder and aggravated battery convictions, the jury also found that McClain actually carried, displayed, used, threatened to use, or attempted to use a firearm during the commission of the crimes and that he possessed and discharged the firearm, inflicting great bodily harm. This appeal was conducted in accordance with the Anders[1] procedure. Having examined the record, and finding no reversible error, we affirm. See State v. Causey, 503 So.2d 321 (Fla.1987). We also write to address the argument found in McClain’s pro se brief premised upon the First District’s holding in Floyd v. State 151 So.3d 452 (Fla. 1st DCA 2014), rev. granted, 2014 WL 7251662 (Fla.2014). We have not overlooked the argument, but conclude that McClain could not establish fundamental error in this case even if we were to follow Floyd, because McClain did not advance a self-defense theory at trial.[2]
AFFIRMED.
ORFINGER, LAWSON and LAMBERT, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. This appeal follows a second trial ordered as a result of McClain v. State, 109 So.3d 1207 (Fla. 5th DCA 2013). During his first trial, McClain was represented by counsel and did pursue a theory of self-defense. On retrial, McClain chose to represent himself and defended solely on the theory that someone else fired the shots that harmed the victim.