BERGER, J.
Richard Woodsmall appeals the judgment and sentences entered against him after a jury found him guilty as charged of first-degree premeditated murder and aggravated battery causing great bodily harm with a weapon. He raises four issues on appeal, one of which merits discussion, namely, whether the trial court erred in overruling defense counsel’s objection to the trial court giving a forcible-felony exception jury instruction as to Woodsmall’s justifiable use of deadly force self-defense claim on the aggravated battery charged in count two.[1] Because the trial court erred in giving the instruction, we reverse the judgment and sentence as it relates to count two and remand for a new trial. In all other respects, we affirm.[2]
*698 A complete recitation of the facts leading up to Woodsmall’s arrest and conviction for first-degree murder and aggravated battery is unnecessary. What is relevant is that Woodsmall’s sole defense on each charge was that he acted in self-defense.
It is well-settled that for the forcible-felony exception instruction to apply, there must be an independent forcible felony charged other than the one the defendant claims he committed in self-defense. See Martinez v. State, 981 So.2d 449, 454 (Fla.2008) (“In light of the foregoing, we hold that the lower courts have properly concluded that for the forcible-felony instruction to apply, there must be an independent forcible felony other than the one which the defendant claims he or she committed in self-defense.”); Crimins v. State, 113 So.3d 945, 948 (Fla. 5th DCA 2013) (“The forcible felony exception instruction, providing that a claim of self-defense is not available to a defendant who is attempting to commit, committing, or escaping after the commission of a forcible felony, does not apply where there is no forcible felony independent of the felony(s) for which the defendant is claiming self-defense.”); Santiago v. State, 88 So.3d 1020, 1023 (Fla. 2d DCA 2012) (“Thus, when the defendant claims self-defense as to every offense with which he is charged, there is no separately charged ‘forcible felony[1] to trigger the application of the instruction.”); see also Gregory v. State, 141 So.3d 651, 654-55 (Fla. 4th DCA 2014) (“When a defendant charged with multiple crimes claims self-defense as to each offense, the forcible-felony instruction is improper because there is no independent forcible felony available and the instruction negates the defendant’s self-defense claim.”). No such independent forcible felony was charged against Woodsmall in this case to trigger application of the instruction. Accordingly, the trial court erred in giving the instruction on the aggravated battery charged in count two.
We also find the error was not harmless. At a minimum, because the jury was instructed that the very act that Woodsmall sought to justify with respect to count two, i.e., aggravated battery against Anders, itself precluded a finding of justification, we cannot say beyond a reasonable doubt that the error in giving the forcible-felony exception instruction did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986) (“The focus [of a harmless error analysis] is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.”).
We therefore reverse Woodsmall’s judgment and sentence for aggravated battery and remand for a new trial on that count.
*699 AFFIRMED, in part, REVERSED, in part, and REMANDED FOR NEW TRIAL.
PALMER, J., concurs.
EVANDER, J., concurs in result only.

. Relatedly, Woodsmall argues that by giving the forcible felony instruction on count two, the trial court essentially nullified his self-defense claim on count one, first-degree murder, and thus, committed fundamental error. We disagree. See Martinez v. State, 981 So.2d 449, 457 (Fla.2008) (holding “the erroneous reading of this [forcible-felony] instruction constitutes fundamental error only when it deprives the defendant of a fair trial"). After a complete review of the record, we conclude that because Woodsmall’s claim of self-defense on count one was weak, the erroneous forcible felony instruction given on count two did not deprive Woodsmall of a fair trial on the charge of first degree murder. See id. at 456-57.

. We reject Woodsmall’s claim that Floyd v. State, 151 So.3d 452 (Fla. 1st DCA 2014) (holding conflicting language on the duty to retreat contained within the standard jury instruction on the justifiable use of deadly force was fundamentally erroneous), rev. granted, 2014 WL 7251662 (Fla. Dec. 16, 2014), requires reversal of both count one and count two. Although the justifiable use of deadly force instruction given in this case was simi *698 lar to the instruction found to be fundamentally flawed in Floyd, under the circumstances of this case, no error resulted from the instruction. Since there was a dispute over who the initial aggressor was at the time the victim in count one was stabbed, Woodsmall’s duty to retreat was dependent upon the jury’s resolution of that dispute. See Sims v. State, 140 So.3d 1000, 1003 n. 3 (Fla. 1st DCA 2014) ("[N]o error-fundamental or otherwise-resulted from this instruction because there was a factual dispute as to who was the initial aggressor and Appellant’s legal duty to retreat or not depended on the jury’s resolution of that dispute. Accordingly, in this case, it was necessary and proper for the court to inform the jury that Appellant both did (if he was the found to be the initial aggressor) and did not (if Perkins was found to be the initial aggressor) have a duty to retreat.”).