IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY DONALD HELTON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2656

Opinion filed May 12, 2015.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Nancy A. Daniels, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     The State charged Appellant, Timothy Donald Helton, with one count of aggravated battery and one count of simple battery arising from an incident that

occurred on May 31, 2011, involving two victims. Helton's first trial resulted in a hung jury, and he was retried in January 2013. The second trial yielded guilty verdicts on both counts. The trial court reclassified the aggravated battery, a second-degree felony, to a first-degree felony based on the jury's specific finding that Helton used a deadly weapon in committing the crime, and imposed a life sentence. For the simple battery, the court sentenced Helton to time served.

On appeal, Helton challenges only the conviction and sentence for aggravated battery. He argues that the instructions the court gave the jury on the justifiable use of deadly force and the duty to retreat were inconsistent and constituted fundamental error, and that the court erred by reclassifying the aggravated battery to a first-degree felony because use of a deadly weapon is an element of the offense. Because we agree that fundamental error occurred, we reverse Helton's conviction and sentence for aggravated battery, and remand for a new trial on that count. For that reason, we do not address the reclassification issue.

Helton's only defense at trial was that he acted in self-defense, as permitted by the "stand your ground" law.[1] Accordingly, the trial court gave the standard instructions[2] on the justifiable use of force and the circumstances under which

---

[1] *See* §776.013(3), Fla. Stat. (2011).
[2] *See* Fla. Std. Jury Instr. (Crim.) 3.6(f).

2

Helton could stand his ground in the face of like force, or was required to retreat, if possible. In pertinent part, the court instructed the jury as follows:

> An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which TIMOTHY DONALD HELTON is charged if the injury to CRAIG RICHARD NELSON, JR resulted from the justifiable use deadly force.
>
> "Deadly force" means force likely to cause death or great bodily harm.
>
> A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another.
>
> However, the use of deadly force is not justifiable if you find:
>
> 1. TIMOTHY DONALD HELTON initially provoked the use of force against himself, unless:
>
> (a) The force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm *and had exhausted every reasonable means to escape the danger, other than using deadly force* on CRAIG RICHARD NELSON, JR. [or]
>
> (b) In good faith, the defendant withdrew from physical contact with CRAIG RICHARD NELSON, JR and clearly indicated to CRAIG RICHARD NELSON, JR that he wanted to withdraw and stop the use of deadly force, but CRAIG RICHARD NELSON, JR continued or resumed the use of force.
>
> . . .

3

> If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, *he had no duty to retreat and had the right to stand his ground and meet force with force*, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself.

(Emphasis added).

In *Floyd v. State*, 151 So. 3d 452 (Fla. 1st DCA 2014), *rev. granted*, ____ So. 3d ____, 2014 WL 7251662 (Fla. Dec. 16, 2014), and more recently in *Tramel v. State*, No. 1D13-2285 (Fla. 1st DCA March ___, 2015), we held the identical instructions constituted fundamental error because an inconsistency regarding the duty to retreat essentially negated the defendants' sole defense. As we reasoned in *Floyd*:

> [T]he jury was instructed that if the use of deadly force is necessary *to prevent imminent death or great bodily harm* to oneself or others, then deadly force is justified *without regard to any effort to retreat* so long as the defendant is not engaged in unlawful activity. A defendant may not use deadly force if the defendant provoked another showing force; however, if the defendant provoked another, who then *uses force so great as to put the defendant in fear of death or great bodily harm,* then the defendant may use deadly force, *but only if the defendant has first exhausted every means of escape.* In effect, the jury instruction here provided that Floyd did not have to retreat before meeting deadly force with deadly force if in fear of death or great bodily harm *and* did have a duty to try to retreat before using deadly force if in fear of death or great bodily harm.

151 So. 3d at 454 (emphasis in original). Because the contradiction in the

instructions effectively negated possible application to Floyd's only defense—self-defense under the "stand your ground" law—fundamental error occurred, requiring reversal of Floyd's convictions.  *Id.* (citing *Carter v. State*, 469 So. 2d 194, 196 (Fla. 2d DCA 1985)).

The circumstances are the same here, constraining us to apply our holding in *Floyd* and find that the contradictory justifiable-use-of-force jury instructions the trial court gave negated Helton's only defense and resulted in fundamental error. The State argues that Helton's trial counsel waived the error by affirmatively agreeing to the instructions.  Although it is possible to waive fundamental error, see *Ray v. State*, 403 So. 2d 956, 960 (Fla. 1981), the record before us does not reflect that Helton's counsel specifically agreed to the instruction such that waiver occurred, see *Moore v. State*, 114 So. 3d 486, 489 (Fla. 1st DCA 2013).  In fact, defense counsel objected to the instruction initially, pointing out the very contradiction we now find problematic.  But upon the trial court's assurance that the instruction read as a whole was not inconsistent, defense counsel withdrew the objection.  We are not inclined to find waiver where the trial court essentially talked defense counsel out of an objection.

Based on our decision in *Floyd*,[3] we reverse Helton's conviction and

---

[3] The Florida Supreme Court, having granted the State's petition for discretionary review of the decision in *Floyd*, issued an order on December 11, 2014, granting the State's motion to recall this court's mandate, and staying proceedings until

sentence for aggravated battery, and remand for a new trial on that count only.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

ROBERTS, MARSTILLER and SWANSON, JJ., CONCUR.

---

disposition of the petition for review. Order, State v. Floyd, No. SC14-2162 (Fla. Dec. 11, 2014) (order staying proceedings).