IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL TRAMEL,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2285

_____/

Opinion filed May 12, 2015.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Michael Tramel seeks reversal of his convictions and sentences for attempted

second-degree murder and aggravated battery with a deadly weapon raising several

issues. We affirm the aggravated battery conviction and sentence without discussion. However, finding fundamental error in the jury instructions given on the justifiable use of deadly force, we reverse the attempted second-degree murder conviction and sentence, and remand for a new trial on that count.

According to witnesses at Tramel's trial, Tramel fought with and stabbed victim Jonathan Key during the funeral for Tramel's half-brother, Enoch. Tramel and Key got into a graveside argument and scuffle, which Tramel initiated by first pushing then punching Key. The fight was broken up by fellow mourners. Several witnesses testified they saw Tramel in possession of a small knife or a pocketknife during the fight. After Tramel and Key were separated, Tramel went to his car and returned with what some witnesses testified was another, larger knife. The fight between the two men resumed, and ended with Key being stabbed. Testifying in his own defense, Tramel said that it was Key who initiated the first altercation, that Key had a knife, that Tramel armed himself with a knife after the fight broke up when he became aware Key and others were chasing him, that Key reinitiated the fight, and that he did not purposely stab Key.

Tramel claimed self-defense pursuant to the "stand your ground" law.[1] In accordance with the discussion between the parties and the court during the charge

---

[1] *See* §776.013(3), Fla. Stat. (2011).

conference, the trial court instructed the jury as follows,[2] in pertinent part, regarding

the use of deadly force in self-defense and the duty to retreat:

> An issue in this case is whether the Defendant acted in self-defense. It is a defense to the offense with which MICHAEL GARRICK TRAMEL is charged if the injury to Jonathan Key resulted from the justifiable use of deadly force.
>
> "Deadly force" means force likely to cause death or great bodily harm.
>
> A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another.
>
> However, the use of deadly force is not justifiable if you find:
>
> MICHAEL GARRICK TRAMEL initially provoked the use of force against himself unless:
>
> a. The force asserted toward the Defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on Jonathan Key.
>
> b. In good faith, the Defendant withdrew from physical contact with Jonathan Key and clearly indicated to Jonathan Key that he wanted to withdraw and stop the use of deadly force, but Jonathan Key resumed the use of deadly force.
>
> . . .

---

[2] *See* Fla. Std. Jury Instr. (Crim.) 3.6(f).

If the Defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself.

If you find that the Defendant who because of threats or prior difficulties with Jonathan Key had reasonable grounds to believe that he was in danger of death or great bodily harm at the hands of Jonathan Key then the Defendant had the right to arm himself. However, the Defendant cannot justify the use of deadly force, if after arming himself he renewed his difficulty with Jonathan Key when he could have avoided the difficulty, although as previously explained if the Defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat.

Relying on this court's decision in *Floyd v. State*, 151 So. 3d 452 (Fla. 1st DCA 2014), *rev. granted*, ____ So. 3d ____, 2014 WL 7251662 (Fla. Dec. 16, 2014), Tramel argues the trial court gave conflicting instructions when it told the jury both that he had no duty to retreat in the face of imminent death or great bodily harm, and that he had to exhaust every reasonable means to escape danger before using deadly force. In doing so, he argues, the court committed fundamental error.

"[F]or jury instructions to constitute fundamental error, the error must 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Garzon v. State*, 980 So. 2d 1038, 1042 (Fla. 2008) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)). "In determining whether the jury instructions constituted fundamental

error, we must consider 'the effect of the erroneous instruction in the context of the other instructions given, the evidence adduced in the case, and the arguments and trial strategies of counsel.'" *Floyd*, 151 So. 3d at 454 (citing *Smith v. State*, 76 So. 3d 379, 383 (Fla. 1st DCA 2011)).

As in this case, the defendant in *Floyd* claimed self-defense under the "stand your ground" law, and the trial court gave the standard justifiable-use-of-deadly-force instructions that (1) the use of deadly force was not justified if the defendant initially provoked the use of force unless he exhausted every reasonable means to escape the danger and (2) if the defendant was not engaged in an unlawful activity and attacked in a place he had a right to be, he had no duty to retreat and could stand his ground with force. *Floyd* at 453-54. On appeal from his convictions, Floyd argued the first instruction negated the second one because the jury was told he had no duty to retreat, on one hand, but on the other, he had to exhaust every reasonable means of escape. *Id*. at 454. We agreed, reasoning:

> [T]he jury was instructed that if the use of deadly force is necessary *to prevent imminent death or great bodily harm* to oneself or others, then deadly force is justified *without regard to any effort to retreat* so long as the defendant is not engaged in unlawful activity. A defendant may not use deadly force if the defendant provoked another showing force; however, if the defendant provoked another, who then *uses force so great as to put the defendant in fear of death or great bodily harm,* then the defendant may use deadly force, *but only if the defendant has first exhausted every means of escape.* In effect, the jury instruction here

5

> provided that Floyd did not have to retreat before meeting
> deadly force with deadly force if in fear of death or great
> bodily harm *and* did have a duty to try to retreat before
> using deadly force if in fear of death or great bodily harm.

*Id.* (emphasis in original). We concluded the contradiction in the instructions effectively negated possible application to Floyd's only defense, resulting in fundamental error and requiring reversal of Floyd's convictions. *Id.* (citing *Carter v. State*, 469 So. 2d 194, 196 (Fla. 2d DCA 1985)).

Our reasoning and conclusion in *Floyd* dictate the same result in this factually indistinguishable case. The State contends that Tramel asserted defenses at trial other than self-defense, and therefore, even if the instructions were inconsistent, Tramel did not lose his sole defense and the error is not fundamental. The trial transcript does not support the State's argument, however. The only defense clearly asserted by Tramel and argued by defense counsel was self-defense. Based on our decision in *Floyd*,[3] we conclude the justifiable-use-of-deadly-force instructions given in this case inconsistently provided that Tramel did not have to retreat before meeting deadly force with deadly force if in fear of death or great bodily harm *and* did have a duty to try to retreat before using deadly force if in fear of death or great

---

[3] The Florida Supreme Court, having granted the State's petition for discretionary review of the decision in *Floyd*, issued an order on December 11, 2014, granting the State's motion to recall this court's mandate, and staying proceedings until disposition of the petition for review. Order, State v. Floyd, No. SC14-2162 (Fla. Dec. 11, 2014) (order staying proceedings).

6

bodily harm. This inconsistency rendered the instructions inapplicable to Tramel's sole defense, and consequently, fundamental error occurred. For this reason, we reverse Tramel's conviction and sentence for attempted second-degree murder, and remand for a new trial on that count only.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


ROBERTS, MARSTILLER and SWANSON, JJ., CONCUR.