IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN SWEARINGDEN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-146

Opinion filed May 12, 2015.

An appeal from the Circuit Court for Duval County.
Mark Hulsey, III, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant was convicted of second-degree murder and sentenced to life in prison for stabbing a man in the head with a knife during an alcohol-fueled argument over a woman. Appellant claimed that he stabbed the victim in self-

defense. There was conflicting evidence as to whether the victim or Appellant was the initial aggressor. The trial court instructed the jury that:

> If the defendant was not engaged in an unlawful activity and was attacked in a place where he had a right to be, <u>he had **no duty to retreat** and had the right to stand his ground and meet force with force, including deadly force if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself.</u>
>
> &ast; &ast; &ast;
>
> However, <u>use of deadly force is not justifiable if you find the defendant initially provoked the use of force against himself unless,</u> one, force asserted toward <u>the defendant</u> was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and <u>had **exhausted every reasonable means to escape** the danger of [sic][1] using deadly force</u> on [the victim] or, number two, in good faith, the defendant withdrew from physical contact with [the victim] and clearly indicated to [the victim] that he wanted to withdraw and stop the use of deadly force but [the victim] continued or resumed the use of force.

(emphasis added).

Appellant contends that the trial court committed fundamental error[2] in

---

[1] The word "of" appears to be a misstatement by the trial court or an error in transcription by the court reporter because the written instructions contained in the record track Florida Standard Jury Instruction (Criminal) 3.6(f) verbatim and read in pertinent part: ". . . exhausted every reasonable means to escape the danger, <u>other than</u> using deadly force on [the victim] . . . ." This discrepancy does not affect our analysis of the issue raised by Appellant.

[2] Appellant did not object to the instructions at trial, but because the record does not reflect that he specifically requested or affirmatively agreed to the challenged portions of the instructions, he did not waive the issue for appeal. See <u>Moore v.</u>

2

giving these instructions because the portions of the instructions emphasized above negate each other with respect to his duty to retreat or not. We are compelled to agree based on Floyd v. State, 151 So. 3d 452 (Fla. 1st DCA 2014), rev. granted 2014 WL 7251662 (Fla. Dec. 16, 2014), and Ross v. State, 40 Fla. L. Weekly D327 (Fla. 1st DCA Feb. 3, 2015). But see Sims v. State, 140 So. 3d 1000, 1003 n.3 (Fla. 1st DCA 2014) (stating in dicta that where there is a dispute as to who was the initial aggressor, no error results from instructing the jury that the defendant both did (if he was the initial aggressor) and did not (if the victim was the initial aggressor) have a duty to retreat). Accordingly, we reverse Appellant's judgment and sentence and remand for a new trial.[3]

Additionally, we certify that this case passes on the same question of great public importance that we certified to the Florida Supreme Court in Floyd:

> DOES FLORIDA STANDARD JURY INSTRUCTION (CRIMINAL) 3.6(F) PROVIDE CONFLICTING INSTRUCTIONS AS TO THE DUTY TO RETREAT?

Floyd v. State, Case No. 1D11-4465 (Oct. 17, 2014) (order granting Appellee's motion to certify a question of great public importance). More specifically, the

---

State, 114 So. 3d 486, 490-93 (Fla. 1st DCA 2013); cf. Oliver v. State, 40 Fla. L. Weekly D303 (Fla. 1st DCA Jan. 29, 2015) (rejecting defendant's argument that jury instructions were fundamentally erroneous based on Floyd because, at the charge conference, defense counsel affirmatively requested and specifically agreed to the applicable parts of the justifiable use of deadly force instructions that were to be given to the jury).

[3] Based on this disposition, we need not address the other issues raised by Appellant.

question of great public importance framed by this case is:

> IN A CASE WHERE THE DEFENDANT'S SOLE DEFENSE IS SELF-DEFENSE AND THERE IS A DISPUTE AS TO WHETHER THE DEFENDANT OR THE VICTIM WAS THE INITIAL AGGRESSOR, DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY INSTRUCTING THE JURY BOTH (1) THAT THE DEFENDANT DID NOT HAVE A DUTY TO RETREAT AND THAT HE COULD MEET FORCE WITH DEADLY FORCE IF HE REASONABLY BELIEVED THAT IT WAS NECESSARY TO DO SO TO PREVENT DEATH OR GREAT BODILY HARM TO HIMSELF, AND (2) THAT THE DEFENDANT'S USE OF DEADLY FORCE WAS NOT JUSTIFIABLE IF HE WAS THE INITIAL AGGRESSOR UNLESS HE EXHAUSTED EVERY REASONABLE MEANS TO ESCAPE THE DANGER OTHER THAN USING DEADLY FORCE?

REVERSED and REMANDED for a new trial; QUESTION CERTIFIED.

CLARK, WETHERELL, and RAY, JJ., CONCUR.