WELLS, Judge,
(specially concurring).
I concur in the majority opinion affirming Wyche’s conviction below; however, I write separately to address concern over the confusing nature of Standard Jury Instruction 3.6(f), and while I agree that no fundamental error has been demonstrated here, I agree with our sister court that this instruction is problematic. See Floyd v. State, 151 So.3d 452, 454 (Fla. 1st DCA 2014) (holding that that portion of 3.6(f) which imposes no duty to retreat on an individual not engaged in unlawful activity who is in a place where he or she has a right to be conflicts with the aggressor portion of this instruction which imposes a duty to retreat on a person who initially provokes the use of force against himself or herself) rev. granted by, 2014 WL 7251662 (Fla. Dec. 16, 2014).[3]
As the majority correctly states, the instruction given in this case properly encompasses the statutes governing the use of force in defense of person (section 776.012), circumstances in which there is no duty to retreat (sections 776.012 and 776.013), and use of force by an aggressor (section 776.041). The concerning issue is not the accuracy of the instruction, that is, it is not whether the instruction accurately reflects the law on self-defense and use of deadly force, but rather the confusing manner in which instruction 3.6(f) requires these laws to be presented to the jury.
Rather than first setting forth the general rule of no duty to retreat and then setting forth the applicable exceptions, instruction 3.6(f) does exactly the opposite, first setting forth the exception to the rule — the aggressor instruction-then explaining the general rule.[4] Thus, while I cannot agree with Floyd in finding that the subject instruction is internally inconsistent, I nevertheless agree that this instruction is confusing when presented to the jury as suggested by instruction 3.6(f).
As the Florida Supreme Court in Perriman v. State, 731 So.2d 1243, 1246 (Fla.1999), points out, jury instructions “were designed above all to be accurate and clear” with the purpose of “eliminate[ing]-ór minimiz[ing]-juror confusion concerning the applicable law in criminal cases.” For this reason, I reject the determination made in Farmer v. State, 975 So.2d 1275 (Fla. 4th DCA 2008), that although the language of a 3.6(f) charge may be “ ‘technical, legalistic, utterly opaque ... [and] almost useless as a way to communicate to juries ... [because] the medium contain[s] no message,’ ” giving such a charge in large part is harmless because “instead of trying to parse the legal nuances of the *910 charge ... juries use their common experience and apply a street version of self defense that allows a defendant to use a reasonable amount of force under the circumstances, and no more.”[5] Farmer, 975 So.2d at 1277 (quoting Lawrence M. Friedman, A History of American Law 399 (2d ed. 1985) (quoted in John L. Kane, Giving Trials a Second Look, 80 Denv. U.L.Rev. 738, 739 (2003))).'As fetching a notion as it might be to accept a jury’s reliance on common sense in lieu of parsing and relying on the law as instructed, I find myself constrained to reject it.
An instruction which accomplishes none of the goals and purposes acknowledged in Perriman but which instead provides a constant source of confusion cannot be minimized or disregarded on an assumption that juries will ignore the confusion and simply use common sense. Were this the goal, there would be no point in instructing juries in the first instance, but rather it simply would be left to the lawyers to argue the facts and the law and then to charge the jurors to “use their common sense.”[6]
There is no reason why this instruction cannot be clarified thereby lessening confusion inherent in its current organization, and perhaps resolving any internal contradiction suggested by Floyd. This might be achieved in this case simply by the following reorganization of the applicable provisions of instruction 3.6(f) that were given below:
(General Rule)
An issue in this casé is whether the defendant acted in selfdefense. It is a defense to the offense for which (defendant) is charged if the [death of] ... (victim) resulted from the justifiable use of deadly force.
“Deadly force” means force likely to cause death or great bodily harm.
A person is justified in using deadly force if [he][she] reasonably believes that such force is necessary to prevent imminent death or great bodily harm to [himself] [herself] or another....
If the defendant [was not engaged in unlawful activity and] was attacked in any place where [he][she] had a right to be, [he][she] had no duty to retreat and had the right to stand [his][her] ground and meet force with force, including deadly force, if [he][she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another]....
In deciding whether the defendant was justified in the use of deadly force, you must judge [him][her] by the circumstances in which [he][she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could have been avoided only through the use of that force. Based upon appearance, the *911 defendant must have actually believed that the danger was real.
In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
(Exceptions to the General Rule of No Duty to Retreat if Applicable to the Facts)
However, the use of deadly force is not justifiable if you find:
(Defendant) initially provoked the use of force against [himself] [herself], unless:
A. The force asserted toward the’ defendant was so great that [he][she] reasonably believed that [he][she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on (assailant).
B. In good faith, the defendant withdrew from physical contact with (assailant) and clearly indicated to (assailant) that [he][she] wanted to withdraw and stop the use of deadly force, but (assailant) continued or resumed the use of force.
If you find that the defendant who because of threats or prior difficulties with (victim) had reasonable ground to believe that [he][she] was in danger of death or great bodily harm at the hands of (victim), then the defendant had the right to arm [himself] [herself]. However, the defendant cannot justify the use of deadly force if, after arming [himself] [herself] [he][she] renewed [his][her] difficulty with (victim) when [he][she] could have avoided the diffieulty[.]
(Concluding)
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of deadly force, you should find [him][her] guilty if all the elements of the charge have been proved.
To my way of thinking, this instruction would more clearly advise the jury that no duty to retreat arises unless the defendant either initially provoked the force being used against him or her, or after lawfully arming himself or herself the defendant is the one responsible for renewing the difficulty with the victim.
As I see it, while not grounds for reversal in this case, Standard Jury Instruction in Criminal • Cases 3.6(f) is a repetitive, confusing morass.
ROTHENBERG and LAGOA, JJ., concur.

. According to the State, it has certified the following question of great public importance to the Florida Supreme Court:
When there is a factual dispute, as to who was the initial aggressor, is it fundamental error to give both the standard jury instructions which provide there is no duty to retreat when not engaged in an unlawful activity and the standard instructions which provide there may be a duty to retreat if the defendant initially provoked the use of deadly force? And, if so, what instructions should be given?

. Standard Jury Instruction 3.6(f) provides that certain instructions should be read in all cases and that other instructions should be given only if applicable. In the proceedings below, the instructions were read to the jury in the order that they appear in instruction 3.6(f). Therefore, as the instruction as quoted in the majority opinion confirms the aggressor instruction was given immediately after the definition of "deadly force” because another instruction appearing before it was inapplicable to the facts of this case.

. The offending instruction in that case was the forcible felony portion of a 3.6(f) charge.

. See Murray v. State, 937 So.2d 277, 280 (Fla. 4th DCA 2006) ("Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law-whether, for example, the action . in question is protected by the [law].... When ... jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error.” (quoting Griffin v. United States, 502 U.S. 46, 59-60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991))).