PER CURIAM.
We reverse Appellant’s conviction for second-degree murder and remand for a new trial based on Floyd v. State, 151 So.3d 452 (Fla. 1st DCA), rev. granted, 168 So.3d 229 (Fla.2014), which held that the standard jury instruction for justifiable use of deadly force was internally inconsistent and amounted to fundamental error where, as here, the instruction effectively negated the defendant’s sole defense. But see Cruz v. State, 2015 WL 2393281, at *8 (Fla. 4th DCA May 20, 2015) (certifying conflict with Floyd because it was “incorrectly decided”); Wyche v. State, 170 So.3d 898, 905 (Fla. 3d DCA 2015) (stating that the standard jury instruction for justifiable use of deadly force “is an accurate statement of the law on the use of deadly force, and there is no conflict between any of the sections contained in Chapter 776 [Florida Statutes] or any conflict within [the instruction]”); Woodsmall v. State, 164 So.3d 696, 697 n. 2 (Fla. 5th DCA 2015) (rejecting defendant’s argument that reversal of murder conviction was required based on Floyd and holding that “no error resulted from the [justifiable use of deadly force] instruction [s]inee there was a dispute over who the initial aggressor was at the time the victim ... was stabbed [and the defendant’s] duty to retreat was dependent upon the jury’s resolution of that dispute”) (citing Sims v. State, 140 So.3d 1000, 1003 n. 3 (Fla. 1st DCA 2014)). We find no merit in the other issues raised by Appellant.
REVERSED and REMANDED for a new trial.
WOLF, WETHERELL, and MARSTILLER, JJ., concur.