EVANDER, J.
O’Shea Terrell Jackson was charged with first-degree murder afteb fatally shooting Eric Felder. He was convicted, after trial, of the lesser included offense of second-degree murder. On appeal, he argues that the jury instructions given on self-defense and the duty to retreat were conflicting and constituted fundamental error. We disagree.
On June 23, 2011, Felder was involved in an altercation with Jackson’s mother. After learning of the incident, Jackson drove to Felder’s residence. Jackson had been to Felder’s residence previously because Felder’s brother and Jackson’s mother had been involved in a romantic relationship for approximately six years. Jackson claimed that he regarded Felder’s brother as his stepfather and felt welcomed at the Felder residence.
At trial, the State and the defense presented conflicting witness testimony regarding the events that transpired after Jackson arrived at Felder’s residence. The State’s evidence reflected that Jack.son observed Felder sitting at a picnic table in an open area near Felder’s residence. Jackson exited his vehicle with his gun drawn and walked toward Felder. Felder attempted to grab a metal chair, but he was never able to use it defensively before being fatally shot by Jackson.
The defense’s version, presented primarily through Jackson’s testimony, was that Jackson went to Felder’s residence to speak with him about the earlier incident involving his mother. He carried a firearm on his “belt line” because of Felder’s reputation for violence. As Jackson approached Felder, Felder grabbed a metal chair, charged forward, and swung the chair at Jackson. The first swing resulted in contact with Jackson’s head, causing a laceration. On the second swing, Jackson pulled out his gun to warn Felder, the chair then hit Jackson’s arm, which he had raised to protect himself from the blow. At that time, according to Jackson, the gun accidentally discharged. After realizing that Felder had been shot, Jackson was “in shock,” and fled the scene. He later turned himself in to local law enforcement officials.
*1105 Following the presentation of evidence, each side advanced its theory of the case during closing arguments. The State argued that the evidence was inconsistent with Jackson’s claim that he had acted in self-defense. In contrast, defense counsel argued that Jackson had a right to stand his ground in response to Felder’s alleged initial aggression and had acted in self-defense.
Without objection, the trial court instructed the jury in accordance with Florida Standard Jury Instruction (Criminal) 3.6(f), Justifiable Use of Deadly Force.[1] Jackson argues that the trial court’s use of the standard jury instruction constituted fundamental error because the instruction effectively misinformed the jurors that Jackson both had a duty to retreat and did not have a duty to retreat. Moreover, Jackson claims that because his only defense at trial was self-defense, these instructions negated his only defense. In support of his argument, Jackson cites to Floyd v. State, 151 So.3d 452 (Fla. 1st DCA), review granted, 168 So.3d 229 (Fla.2014). There, the First District Court held that a jury instruction advising the jury that a defendant, who was not engaged in any unlawful activity and who was attacked in a place where he had a right to be, had no duty to retreat was inconsistent with an instruction that advised the jury that a defendant who initially provoked the use of force against himself had a duty to retreat. The Floyd court held that this inconsistency amounted to fundamental error. 151 So.3d at 454.
We believe Floyd was wrongly decided and instead agree with our sister courts’ decisions in Wyche v. State, 170 So.3d 898 (Fla. 3d DCA 2015), and Cruz v. State, — So.3d —, 40 Fla. L. Weekly D1172, 2015 WL 2393281 (Fla. 4th DCA May 20, 2015). In Wyche, the Third District Court determined that Standard Jury Instruction (Criminal) 3.6(f) was consistent with Chapter 776, Florida Statutes, from which this *1106 instruction emanates. 170 So.3d at 907. The court found that, consistent with Chapter 776, this instruction properly instructed the jury that a defendant is justified in using deadly force if he reasonably believes such force is necessary to prevent imminent death or great bodily harm, and that if he is attacked in a place where he has the right to be and is not engaged in any unlawful activity, he has no duty to retreat. Id. at 905-06. If, however, the defendant initially provokes the use of force against himself (i.e., is the initial aggressor), he has the duty to exhaust every reasonable means to escape the danger or to withdraw from physical contact with the assailant and clearly indicate that he wants to withdraw and stop the use of deadly force before meeting deadly force with deadly force. Id. at 906.
In Cruz, the Fourth District Court similarly upheld the use of Florida Standard Jury Instruction (Criminal) 3.6(f), explaining:
The standard instruction on the justifiable use of deadly force, given both in Floyd and in this case, is not internally inconsistent. The Stand Your Ground portion of the instruction stands for the general proposition that a defendant who is not engaged in any unlawful activity and is attacked in a place where he has the right to be has nó duty to retreat, while the “aggressor” part of the instruction provides an exception to this general proposition, for a defendant who provokes the use of force against himself (without withdrawing from physical contact in good faith). Both parts of the instruction are a correct statement of the law. Indeed, the relevant language of the instruction comes directly from the applicable provisions of Chapter 776.
Cruz, — So.3d at —, 40 Fla. L. Weekly at D1176, 2015 WL 2393281, at *8.
.. In the,instant case, there was a disputed factual issue as to whether Jackson was the initial aggressor., The jury instruction given by the tidal court on the justifiable use of deadly force was a correct statement of the law. Accordingly, we conclude that Jackson has failed to show error in the jury instructions, let alone fundamental error.
AFFIRMED.
LAWSON, C.J. and TORPY, J., concur.

. The trial court instructed the jury, in relevant part:
An issue in this case is whether O’Shea Jackson acted in self-defense.
It is a defense to count one of the indictment and to all lesser-included offenses associated with count one with which O’Shea Jackson is charged if the death of Eric Brent Felder resulted from the justifiable use of deadly force.
[[Image here]]
The use of deadly force is justifiable if O’Shea Jackson reasonably believed that the force was necessary to prevent imminent death or great bodily harm to himself while resisting, one, another’s attempt to murder him, or, two, any attempt to commit aggravated assault, aggravated battery or attempted murder upon him.
[[Image here]]
However, the use of deadly force is not justifiable if you find:
One, O'Shea Jackson was committing — was attempting to commit, committing or escaping after the commission of first-degree murder, second-degree murder or manslaughter or any forcible felony, or Two, O’Shea Jackson initially provoked the use of force against himself unless:
A, the force asserted toward the defendant was so great he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using deadly force on Eric Brent Felder, or
B, in good faith, the defendant withdrew from physical contact with Eric Brent Felder and clearly indicated to Eric Brent Felder that he wanted to withdraw and stop the use of deadly force, but Eric Brent Felder continued or resumed the use of force.
[[Image here]]
If O’Shea Jackson was not engaged in any unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or another or to prevent the commission of a forcible felony.